Dear Mr. Wall:
We received your request for an opinion on behalf of the City of Baker regarding the application of Section 6-04 of Baker's charter relative to the adoption of the operating budget. The facts, as presented in your request, are that the Mayor submitted a budget to the City Council on May 8, 2001. The budget was reviewed, amended, and ultimately adopted by the Council on June 12, 2001. Two weeks after its adoption, the Council voted to void the budget.
The City of Baker is a pre-1974 home rule charter government. Accordingly, it is granted extensive self-governing authority limited only by the constitution and the police powers of the state. Article 6, Section 4 and Section 9 of the Louisiana Constitution of 1974. See also Attorney General Opinion No. 01-110.
The Louisiana Local Government Budget Act, found at La.R.S.39:1301, et seq, applies to political subdivisions operating under a home rule charter as a minimum standard. See La.R.S. 39:1303C. The act further provides that in the event appropriations are not made, fifty percent of the amounts appropriated for the last fiscal year shall be deemed reappropriated. La.R.S. 39:1312
Section 6-04 of Baker's charter, which pertains to the operating budget, provides that if the council fails to adopt a budget by the appropriate date set forth in the charter, it shall be presumed to have adopted the budget submitted by the Mayor. Pursuant to Civil Code Article 11, words of a law must be given their general prevailing meaning. Submitted, according to Meriam-Webster's Collegiate Dictionary, Tenth Edition, means presented or proposed to another for review.
You question if Section 6-04 of Baker's Charter takes precedence over the Local Budget Act. It is our opinion that Section 6-04 of Baker's charter in no way conflicts with the constitution or the police powers of the State of Louisiana. Section 6-04 of Baker's Charter, therefore, is the applicable law for the particular issue at hand. As such, it is our opinion that the budget submitted by the Mayor to the Council for review on May 8, 2001 is presumed to have been adopted.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
 Very truly yours, RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:crt
DATE RECEIVE: July 16, 2001
DATE RELEASED: August 10, 2001